UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| ROBERT P. FORTMAN, JR., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-512-GSL-JEM |
| CHANTELLE, | |
| Defendant. | |

OPINION AND ORDER

Robert P. Fortman, Jr., a prisoner without a lawyer, filed a complaint. ECF 1. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Fortman, who is currently incarcerated at the Allen County Jail, alleges he takes at least twenty-one pills a day for unspecified medical aliments.[1] On November 20, 2024, a "heart/blood pressure pill – propranolol" was found in his cell. ECF 1 at 2. Fortman admits that he was not punished via lockdown or disciplinary segregation for this transgression. However, as a result of that finding, Nurse Practitioner Chantelle ordered that all of Fortman's pills must be crushed and given to him in that form going forward. According to Fortman, "[s]ome of these medications are in capsule form, and some have extremely thick coatings in which crushing and/or opening all of these pills, especially psychological medications, should not be done." *Id*. at 3. Taking these crushed pills is causing Fortman stomach pain. He seeks a permanent injunction to order the defendant "to NOT crush my medications. Undo the crush order and to only crush the propranolol because that pill was found in my cell only." *Id*. at 4.

Fortman has also filed a motion for preliminary injunctive relief. He provides the same basic information found in his complaint but also indicates that his stomach pain from the crushed medication has been "extreme" and that a different nurse informed him that the Wellbutrin he takes "has a certain coating because it's acidic and that psychological medications should not be crushed with these coatings or in capsules." ECF 3 at 1–2. He again asks for a court order prohibiting the crushing of his medication.

Fortman is a pretrial detainee, so his medical claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir.

---

[1] Fortman lists the following medications: perampanel, gabapentin, meloxicam, methocarbamol, prazosin, risperidone, Wellbutrin, and propranolol.

2

2018). As such, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

    Here, although Fortman's complaint is vague as to his specific medical issues, giving him the inferences to which he is entitled at this stage based on the amount of medication he has been prescribed, it may be assumed that he has a serious medical need that the medications are meant to address. He has also adequately alleged that

3

Nurse Practitioner Chantelle made the deliberate choice to crush his medication going forward in response to finding a pill in his cell. The question in this case is whether doing so on an ongoing basis is objectively reasonable under the circumstances. It's clear there are legitimate penological reasons for not allowing inmates to keep pills in their cells—the decision to crush pills so that an offending inmate may not either accidentally or intentionally horde or traffic pills is not objectively unreasonable in and of itself. Fortman's assertion that only one pill was actually found doesn't extinguish the possibility of abuse. *See e.g., Carruthers v. Corr. Corp. of Am.*, No. 2:14-CV-72-WTL-DKL, 2015 WL 4758835, at *1 (S.D. Ind. Aug. 12, 2015) (Unused medications "can be sold or traded with other inmates, or taken by other inmates for improper purposes. Further if inmates are able to smuggle enough medications to the dorm over a period of time, there is a serious risk of overdose by an inmate.").

However, Fortman alleges the crushed medications are causing him stomach pain and that it is contraindicated for some of it to be taken that way. Specifically, he refers to Wellbutrin and insists a medical provider told him it cannot be crushed. While stomach pain alone may not override legitimate penological reasons to crush Fortman's medication, it's not clear whether there are other more significant harms associated with doing so, especially given the manufacturer's directions on its labels. *See e.g.*, https://www.accessdata.fda.gov/drugsatfda_docs/label/2022/020358s066lbl.pdf (last visited Dec. 12, 2024) ("WELLBUTRIN SR Tablets should be swallowed whole and not crushed, divided, or chewed."); *but see Boykin v. Fischer*, No. 16 CV 50160, 2019 WL 6117580, at *19 (N.D. Ill. Nov. 18, 2019) (finding that crushing Wellbutrin does not affect

4

potency or cause any issues and concluding that the plaintiff did not have the right to choose his own treatment methods); *Tripp v. Corizon*, No. 217CV00045JMSDLP, 2018 WL 5923988, at *5–6 (S.D. Ind. Nov. 13, 2018) (granting summary judgment after concluding there was no evidence that crushing plaintiff's medication in order to prevent dissemination to other inmates caused him harm or reduced efficacy).

Although further factual development may show that crushing Fortman's medication is objectively reasonable under the circumstances, it is too early to tell at this point. Giving him the benefit of the inferences to which he is entitled at the pleading stage, Fortman has alleged enough to proceed on a Fourteenth Amendment claim to ensure he is receiving constitutionally adequate medical care. That said, because Fortman's complaint is only seeking permanent injunctive relief, Nurse Practitioner Chantelle is not the correct defendant to address his allegations, so she will be dismissed. Instead, the Allen County Sheriff is the appropriate person to ensure Fortman receives the medical care he is entitled to under the Fourteenth Amendment. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Fortman will be permitted to proceed against the Sheriff in his official capacity solely for injunctive relief related to his need for constitutionally adequate medical care.

Turning to Fortman's motion for preliminary injunctive relief, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must

5

establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be decided after more complete discovery and litigation." *Id.* at 792.[2] On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts—such as transferring an inmate or providing him with additional medications—

---

[2] The Seventh Circuit has recognized the first step is "often decisive," and a court need not analyze the remaining elements when that is the case. *Univ. of S. Ind.*, 43 F.4th at 791.

6

are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

At present, the court only has Fortman's version of events which does not include detailed information about his medical condition(s), his specific medications, and whether or not they can be safely crushed. As such, it is difficult to assess whether he is likely to succeed in proving that his ongoing medical violates the Constitution, which requires more than a showing of negligence or even gross negligence. *Miranda*, 900 F.3d at 353-54. In light of the limitations on granting injunctive relief in the correctional setting, the court will order a response from the Sheriff before taking further action on Fortman's request for a preliminary injunction.

For these reasons, the court:

(1) DIRECTS the clerk to add the Allen County Sheriff as a defendant;

(2) GRANTS Robert P. Fortman, Jr., leave to proceed against the Allen County Sheriff in his official capacity to obtain constitutionally adequate medical care with regard to the administration of his prescription medication as required by the Fourteenth Amendment;

(3) DISMISSES all other claims;

7

(4) DISMISSES Nurse Practitioner Chantelle as a defendant;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Allen County Sheriff by email to the Allen County Sheriff's Department with a copy of this order, the complaint (ECF 1), and the motion for preliminary injunction (ECF 3) pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to fax or email a copy of the same documents to the Sheriff at the Allen County Sheriff's Department;

(7) ORDERS the Allen County Sheriff's Department to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(8) ORDERS the Sheriff to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **January 15, 2025**, with supporting documentation and declarations from medical staff as necessary, addressing the status of the plaintiff's medical needs and the specific administration of any prescription medications he is currently receiving; and

(9) ORDERS the Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on December 16, 2024

/s/Gretchen S. Lund  
JUDGE  
UNITED STATES DISTRICT COURT

8