UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

ROBERT P. FORTMAN, JR.,

    Plaintiff,

    v.    CAUSE NO. 1:24-CV-512-GSL-JEM

ALLEN COUNTY SHERIFF,

    Defendant.

OPINION AND ORDER

Robert P. Fortman, Jr., a prisoner without a lawyer, filed an amended complaint. ECF 19. Under 28 U.S.C. § 1915A, the court must screen the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. To proceed beyond the pleading stage, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court must give a pro se complaint liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Fortman, who is currently incarcerated at the Allen County Jail, alleges he takes at least nineteen pills a day for his medical aliments.[1] On November 20, 2024, he was advised by medical staff that one "propranolol (a blood pressure/heart pill)" had been found in his cell during a random cell search. ECF 19 at 2. Fortman admits he was not punished via lockdown or disciplinary segregation for this transgression. However, as a result of that finding, it was ordered that all of Fortman's pills be crushed and given to him in that form going forward.

Fortman claims the "cocktail" of crushed pills is hurting his stomach,[2] causing violent bowel movements, and creating "mouth/kanker sores." *Id*. He also believes the two seizure medications—Fycompa and gabapentin—prescribed for his "violent and dangerous" epileptic seizures are wearing off too soon, causing him to experience pre-seizure migraines and auras. *Id*. at 3. Similar dissociative attacks in this past have caused him serious injuries. He was instructed by his neurologist to "be sure to take my seizure medications three times a day, on time and as directed, with great concern." *Id*. at 3. Fortman asserts the manufacturers' directions for Fycompa, gabapentin, Wellbutrin, and methocarbamol state "take whole and DO NOT CRUSH or chew." *Id*. Similarly, he claims the directions for prazosin state "take whole, DO NOT OPEN." *Id*. Quality Correctional Care nurses at the jail including Brad, Ashley, Cassandra, and

---

[1] Fortman lists the following medications: "Fycompa, gabapentin, propranolol, meloxicam, methocarbamol, prazosin, Wellbutrin, and a multivitamin." ECF 19 at 3. He lists his medical ailments as "a history of stroke, back surgery from a motor vehicle accident, seizures, neurological issues from stroke, psychological issues, and more." *Id*. at 4.

[2] He references a past stomach surgery and claims the crushed pills are "hurting my stomach, SEVERELY!" ECF 19 at 3.

2

Brandi, have told Fortman his psychological and seizure medications shouldn't be crushed due to certain coatings on them. Fortman has sued the Allen County Sheriff for monetary damages and seeks permanent injunctive relief in the form of an order directing the pill crushing to cease.

Fortman has also filed a motion for preliminary injunctive relief. ECF 3. He provides the same basic information found in his complaint but also indicates that his stomach pain from the crushed medication has been "extreme" and that a different nurse informed him that the Wellbutrin he takes "has a certain coating because it's acidic and that psychological medications should not be crushed with these coatings or in capsules." *Id.* at 1–2. He again asks for a court order prohibiting the crushing of his medication.

Fortman is a pretrial detainee, so his medical claims must be analyzed under the Fourteenth Amendment. *See generally Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018). As such, he is entitled to constitutionally adequate medical care for his serious medical needs, which requires jail staff to take "reasonable available measures" to address a "risk of serious harm" to an inmate's health or safety. *Pittman v. Madison Cnty.*, 108 F.4th 561, 572 (7th Cir. 2024). Whether a defendant is providing reasonable care is determined by a purely objective standard. *Id.* First, the plaintiff must allege the defendant performed a volitional act or made a deliberate choice not to act. *Id.* at 570. "This framing asks strictly whether the defendant intended to commit the physical act that caused the alleged injury." *Id.* "[L]iability for *negligently* inflicted harm is categorically beneath the threshold of constitutional due process." *Kingsley v.*

*Hendrickson*, 576 U.S. 389, 396 (2015) (quotation marks omitted). Then, the reasonableness of that action or inaction is assessed based on whether "reasonable [individuals] under the circumstances would have understood the high degree of risk involved, making the consequences of the defendants' conduct obvious." *Pittman*, 108 F.4th at 572 (emphasis omitted). Whether the defendant actually knew that his action or inaction would cause harm is irrelevant under the Fourteenth Amendment. *Id.* "[W]hen evaluating whether challenged conduct is objectively unreasonable, courts must focus on the totality of facts and circumstances." *Mays v. Dart*, 974 F.3d 810, 819 (7th Cir. 2020) (quotation marks omitted).

Here, Fortman has adequately alleged he has serious medical needs including epilepsy, psychological issues, and a history of stroke that the prescription medications are meant to address. He has also adequately alleged a decision was made to crush his medication going forward in response to finding a pill in his cell. The question in this case with regard to his request for permanent injunctive relief is whether doing so on an ongoing basis is objectively reasonable under the circumstances. In general, it's clear there are legitimate penological reasons for not allowing inmates to keep pills in their cells—the decision to crush pills so that an offending inmate may not either accidentally or intentionally horde or traffic pills is not objectively unreasonable in and of itself. Fortman's assertion that only one pill was allegedly discovered—and that he didn't and has never hoarded any pills—doesn't extinguish the possibility of abuse if a single pill was found. *See e.g., Carruthers v. Corr. Corp. of Am.*, No. 2:14-CV-72-WTL-DKL, 2015 WL 4758835, at *1 (S.D. Ind. Aug. 12, 2015) (Unused medications "can be sold or traded with

4

other inmates, or taken by other inmates for improper purposes. Further if inmates are able to smuggle enough medications to the dorm over a period of time, there is a serious risk of overdose by an inmate.").

However, Fortman alleges the crushed medications are causing him severe stomach pain, mouth sores, and pre-epileptic seizure activity. He claims that medical professionals—both outside and inside the jail—have advised him that it is contraindicated for some of the medication to be taken that way. While stomach pain and mouth sores alone may not override legitimate penological reasons to crush Fortman's medication, it's not clear whether there are other more significant risks associated with doing so, including whether the effectiveness of any of the medications is lessened to a point they are harmful to Fortman's condition(s). *See e.g.*, https://www.accessdata.fda.gov/drugsatfda_docs/label/2022/020358s066lbl.pdf (last visited Jan. 17, 2025) ("WELLBUTRIN SR Tablets should be swallowed whole and not crushed, divided, or chewed."); *but see* https://www.epilepsy.com/tools-resources/seizure-medication-list/perampanel[3] (last visited Jan. 17, 2025) ("Tablets can be swallowed whole, chewed, or crushed and added to food or liquid.")[4]; *see also Boykin v. Fischer*, No. 16 CV 50160, 2019 WL 6117580, at *19 (N.D. Ill. Nov. 18, 2019) (finding that crushing Wellbutrin does not affect potency or cause any issues and concluding

---

[3] According to the aforementioned Epilepsy Foundation website, perampanel is the generic form of Fycompa. For reference, Fortman alleged he takes perampanel, not Fycompa, in his original complaint. *See* ECF 1 at 2.

[4] The manufacturer's medication guide lists no specific instructions regarding crushing the Fycompa tablets. *See* https://www.fycompa.com/media/media/Files/Fycompa/MedicationGuide.pdf (last visited Jan. 17, 2025).

5

that the plaintiff did not have the right to choose his own treatment methods); *Tripp v. Corizon*, No. 217CV00045JMSDLP, 2018 WL 5923988, at *5–6 (S.D. Ind. Nov. 13, 2018) (granting summary judgment after concluding there was no evidence that crushing plaintiff's medication in order to prevent dissemination to other inmates caused him harm or reduced efficacy).

Although further factual development may show that crushing Fortman's medication is objectively reasonable under the circumstances, it is too early to tell at this point. Giving him the benefit of the inferences to which he is entitled at the pleading stage, Fortman has stated a plausible Fourteenth Amendment claim against the Allen County Sheriff in his official capacity for permanent injunctive relief related to his need for constitutionally adequate medical care. *See Daniel v. Cook Cty.*, 833 F.3d 728, 737 (7th Cir. 2016); *Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011).

That said, to the extent Fortman is seeking monetary damages, he hasn't plausibly alleged the Allen County Sheriff was the individual who made the decision to crush his medication or was even aware of the crush order.[5] Supervisor liability alone is insufficient to state a claim. *See e.g., Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018) and *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009) (both noting that liability under 42 U.S.C. § 1983 is based on personal responsibility and that prison officials cannot be

---

[5] He vaguely references "command at the jail" towards the end of his amended complaint, but in that same paragraph he also states it was Quality Correctional Care Nurse Chantel who made the decision to crush his medication. ECF 19 at 4. In his original complaint—which was sworn under penalty of perjury—Fortman alleged specifically that "[t]he only action by jail staff, is that Chantelle, N.P. ordered all my medications crushed." ECF 1 at 3. He described her as "the only nurse practitioner (N.P.) at the jail." *Id*. at 2. Fortman's sparse claims regarding jail "command" aren't sufficient to state a monetary damages claim against the Allen County Sheriff. *See e.g., Swanson*, 614 F.3d at 403.

held liable for damages solely because they hold supervisory positions); *see also Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) ("[A] plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law.") (emphasis in original)). This claim will be dismissed.

Turning to Fortman's motion for preliminary injunctive relief, "a preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

As to the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true, nor do[es] [it] give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Ind.*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must make an assessment of the merits as "they are likely to be

decided after more complete discovery and litigation." *Id.* at 792.[6] On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22.

"Mandatory preliminary injunctions" requiring the defendant to take affirmative acts—such as transferring an inmate or providing him with additional medications—are viewed with particular caution and are "sparingly issued[.]" *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020) (quotation marks omitted). Additionally, in the prison context, the court's ability to grant injunctive relief is significantly circumscribed; any remedial injunctive relief "must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citations and internal quotation marks omitted).

At present, the court only has Fortman's version of events which does not include sworn statements from any medical provider or medication expert regarding the medication. As such, it is difficult to assess whether he is likely to succeed in proving that his ongoing medical care violates the Constitution, which requires more than a showing of negligence or even gross negligence. *Miranda*, 900 F.3d at 353-54. In light of the limitations on granting injunctive relief in the correctional setting, the court

---

[6] The Seventh Circuit has recognized the first step is "often decisive," and a court need not analyze the remaining elements when that is the case. *Univ. of S. Ind.*, 43 F.4th at 791.

will order a response from the Sheriff before taking further action on Fortman's request for a preliminary injunction.

For these reasons, the court:

(1) GRANTS Robert P. Fortman, Jr., leave to proceed against the Allen County Sheriff in his official capacity for permanent injunctive relief to obtain constitutionally adequate medical care with regard to the administration of his prescription medication as required by the Fourteenth Amendment;

(2) DISMISSES all other claims;

(3) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Allen County Sheriff by email to the Allen County Sheriff's Department with a copy of this order, the amended complaint (ECF 19), and the motion for preliminary injunction (ECF 3) pursuant to 28 U.S.C. § 1915(d);

(4) DIRECTS the clerk to fax or email a copy of the same documents to the Sheriff at the Allen County Sheriff's Department;

(5) ORDERS the Allen County Sheriff's Department to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(6) ORDERS the Allen County Sheriff to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **February 5, 2025**, with supporting documentation and declarations from medical staff as necessary, addressing

9

the status of the plaintiff's medical needs and the specific administration of any prescription medications he is currently receiving; and

(7) ORDERS the Sheriff to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on January 21, 2025

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT